IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| DENNIS NOWLIN,<br><br>        Plaintiff,<br><br>    v.<br><br>ROBERTS DAIRY COMPANY, INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 571, JOHN HURLEY, as an individual and in his official capacity, MIKE BARNETT, as an individual and in his official capacity, MIKE SNYDER, as an individual and in his official capacity, ROBERT WALKER, as an individual and in his official capacity, AL HUG, as an individual and in his official capacity, RICHARD DIAMOND, as an individual and in his official capacity, HAROLD PIPPIN, as an individual and in his official capacity, DARIN WELTY, as an individual and in his official capacity, and DOES 1-10, inclusive,<br><br>        Defendants. | 8:08CV450<br><br>ORDER QUASHING<br>NOTICE OF DEPOSITION |

This matter is before the court on plaintiff's Motion to Quash Deposition (Doc. 36). Plaintiff has complied with the requirements of NECivR 7.1(i).

On December 15, 2008, counsel for defendants International Union of Operating Engineers Local 571, John Hurley, Mike Barnett and Mike Snyder served a notice (Doc. 33) on the plaintiff commanding him to appear for deposition on Monday, December 22, 2008. Plaintiff's counsel is not available on that date.

In any event, the parties cannot conduct any discovery *at all* until they have conferred pursuant to Fed. R. Civ. P. 26(f). Under Fed. R. Civ. P. 26(d)(1), "A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order." None of the exceptions apply in this instance, the parties' Rule 26(f) report is not due until December 30, 2008, and the record does not show that the parties have yet conferred pursuant to Rule 26(f).[1]

Pursuant to Fed. R. Civ. P. 26(c),

**IT IS ORDERED** that plaintiff's Motion to Quash (Doc. 36) is granted, without prejudice to the defendants conducting discovery, in full compliance with the Local Rules of Practice, after the parties have conferred pursuant to Fed. R. Civ. P. 26(f).

**DATED December 19, 2008.**

                                **BY THE COURT:**

                                **s/ F.A. Gossett**
                                **United States Magistrate Judge**

---

[1] I note that these defendants have also prematurely served third-party subpoenas in violation of Fed. R. Civ. P. 26(d)(1) and NECivR 45.1. *See* Docs. 34 & 35. Local Rule 45.1(a) provides: " No subpoenas for production or inspection may be issued for service on a nonparty without giving the adverse party at least ten (10) business days notice before the subpoena will be issued. The notice shall state the name and address of the nonparty who will be subpoenaed, the documents or items to be produced or inspected, the time and place for production or inspection, and the date on which the subpoena will be issued."