IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| DENNIS NOWLIN, | ) | |
| | ) | |
| Plaintiff, | ) | 8:08CV450 |
| | ) | |
| v. | ) | |
| | ) | |
| ROBERTS DAIRY COMPANY, | ) | |
| INTERNATIONAL UNION OF | ) | |
| OPERATING ENGINEERS LOCAL | ) | MEMORANDUM AND ORDER |
| 571, JOHN HURLEY, as an individual | ) | |
| and in his official capacity, MIKE | ) | |
| BARNETT, as an individual and in his | ) | |
| official capacity, MIKE SNYDER, as an | ) | |
| individual and in his official capacity, | ) | |
| ROBERT WALKER, as an individual | ) | |
| and in his official capacity, AL HUG, as | ) | |
| an individual and in his official capacity, | ) | |
| RICHARD DIAMOND, as an individual | ) | |
| and in his official capacity, HAROLD | ) | |
| PIPPIN, as an individual and in his | ) | |
| official capacity, DARIN WELTY, as an | ) | |
| individual and in his official capacity, | ) | |
| and DOES 1-10, inclusive, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on the motions of defendants John Hurley, Mike

Barnett, and Mike Snyder to dismiss for lack of subject matter jurisdiction and to dismiss

plaintiff's claims against them in their individual capacities, Filing Nos. 23 & 31, and a

motion to dismiss for failure to state a claim filed by defendants Harold Pippin, Darin Welty,

Robert Walker, Al Hug, and Richard Diamond, Filing No. 26. This is an action against an

employer, a union and several individual defendants for violation of civil rights and age

discrimination and national origin discrimination in employment as well as retaliation,

constructive discharge, malicious prosecution, abuse of process, and intentional infliction

of emotional distress.  Plaintiff premises jurisdiction on 28 U.S.C. § 1331, federal question jurisdiction, and 28 U.S.C. § 1343, jurisdiction for deprivation of civil rights.  He has asserted claims under the Civil Rights Act, 42 U.S.C. § 1981, Title VII, 42 U.S.C. § 2000e and the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 623 *et seq.*

Defendants Mike Barnett, John Hurley, and Mike Snyder assert that they cannot be sued in their individual capacities for civil rights violations or discrimination and also assert that the court lacks pendent jurisdiction over the plaintiff's state law claims.  Defendants Harold Pippin, Darin Welty, Robert Walker, Al Hug, and Richard Diamond move to dismiss the plaintiff's claims under Title VII, the ADEA, and the Nebraska Fair Employment Act, asserting that they cannot be sued as individuals for those causes of action.[1]

Under the Federal Rules, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P.  8(a)(2).  The rules require a "'showing,' rather than a blanket assertion, of entitlement to relief."  *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, —, 127 S. Ct. 1955, 1964 (2007).  "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  *Erickson v. Pardus,* 551 U.S. 89,  —, 127 S. Ct. 2197, 2200 (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. at —, 127 S. Ct. at 1964).  In order to survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the plaintiff's obligation to provide the grounds for his entitlement to relief necessitates that the complaint

---

[1]The defendants' subject matter jurisdiction contentions have been abandoned.  The parties' Rule 26(f) Report indicates that the defendants do not contest jurisdiction or venue.  *See* Filing No. 41.  At any rate, this court clearly has jurisdiction under 28 U.S.C. §§ 1331 and 1343.

contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic,* 550 U.S. at —, 127 S. Ct. at 1965.

When ruling on a defendant's Fed. R. Civ. P. 12(b)(6) motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint. *Id.* "On the assumption that all the allegations in the complaint are true (even if doubtful in fact)," the allegations in the complaint must "raise a right to relief above the speculative level." *Id*. In other words, "the complaint must plead enough facts to state a claim for relief that is plausible." *Id.* at 1974. Thus, the court must find "enough factual matter (taken as true) to suggest" that "discovery will reveal evidence" of the elements of the claim. *See id*. at 1966; *Dura Pharms., Inc. v. Broudo,* 544 U.S. 336, 347 (2005) (explaining that something beyond a faint hope that the discovery process might lead eventually to some plausible cause of action must be alleged). When the allegations in a complaint, however true, could not raise a claim of entitlement to relief, the complaint should be dismissed for failure to set a claim under Fed. R. Civ. P. 12(b)(6). *Bell Atlantic,* 550 U.S. at —, 127 S. Ct. at 1966.

Section 1981 provides that all persons shall have the same right to "make and enforce contracts" and the right to "the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship." 42 U.S.C. § 1981(a)-(b). At the Rule 12(b)(6) stage of the proceedings, however, a plaintiff is required only to allege—not prove—the deprivation of a constitutional right. *Tamayo v. Blagojevich,* 526 F.3d 1074, 1090 (7th Cir. 2008). In civil rights actions, pleadings are to be liberally construed. *Davis v. Hall,* 992 F.2d 151, 152 (8th Cir. 1993). Even though civil rights pleadings are viewed liberally, "[s]uch pleadings must nonetheless not be conclusory and must set forth the claim in a manner which, taking the pleaded facts as true, states a claim as a matter of law." *Nickens*

3

*v. White*, 536 F.2d 802, 803 (8th Cir.1976) (emphasis added).  Under that standard, the court finds the complaint states a claim for relief against the individual defendants under section 1981.

Title VII addresses the conduct of employers only and does not impose liability on co-workers.  *Powell v. Yellow Book USA, Inc.*, 445 F.3d 1074, 1079 (8th Cir. 2006). Similarly, an employee-supervisor cannot be sued in his or her individual capacity under the ADEA.  *See Birkbeck v. Marvel Lighting Co.*, 30 F.3d 507, 510-11 (4th Cir. 1994). Accordingly, the court will grant the defendants' motion to dismiss plaintiff's Title VII and ADEA claims against the individual defendants.

Jurisdiction over the plaintiff's state law claims is discretionary with the court.  The state and federal claims derive from a common nucleus of operative fact and are such that a plaintiff would ordinarily be expected to try them all in one proceeding. *See United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966).  Accordingly, the defendants' motion to dismiss the plaintiff's motion to dismiss the plaintiff's state law claims will be denied.

IT IS ORDERED:

1.  Defendants' motions to dismiss (Filing Nos. 23, 26 and 31) are granted in part and denied in part.

2.  Defendants' motions to dismiss for lack of subject matter jurisdiction and for failure to state a claim are denied.

3.  Defendants' motion to dismiss the plaintiff's state law claims is denied.

4.  Defendants' motion to dismiss plaintiff's Title VII claims against the individual defendants is granted.

5.  Plaintiff's objections to the motions (Filing Nos. 47 and 48) are properly regarded as responses and will be denied as moot.

DATED this 13th day of April, 2009.

BY THE COURT:


s/ Joseph F. Bataillon
Chief District Judge